IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GUY WAYNE SESSIONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-032 |
| | ) | |
| BURKE COUNTY JAIL and | ) | |
| MAJOR JOHN BUSH, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, formerly detained at Burke County Jail in Waynesboro, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. He is *pro se* and is currently proceeding *in forma pauperis* ("IFP"). The Court has been informed its last Order entered on May 14, 2019, has been returned; Plaintiff is no longer located at the address he has on file with the Court. (See doc. no. 12.) Plaintiff was directed in the Court's March 11, 2019 Order to immediately inform the Court of any change in address, and he was told that the failure to do so would result in the dismissal of his case. (Doc. no. 6, p. 4.)

Moreover, because Plaintiff is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). Upon conducting an initial screening of Plaintiff's complaint on May 14, 2019, the Court ordered Plaintiff to

amend his complaint within fourteen days to correct certain pleading deficiencies. (See doc. no. 11.) The Court cautioned Plaintiff that failing to submit a timely response would result in a presumption by the Court he desires to have this case voluntarily dismissed and would result in a recommendation for dismissal of this action, without prejudice. (Id. at 6.) The time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's May 14th Order.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837

(11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to keep the Court informed of his address is a direct violation of the Court's March 11, 2019 Order and saddles the Court with a stagnant case in which no communication with Plaintiff seems possible.  Indeed, the Court tried to inform Plaintiff he must file an amended complaint, but because his address is not current, no amended complaint has been filed that explains the nature of Plaintiff's claims against each named Defendant.  (See doc. no. 11.)  Plaintiff was warned that failure to immediately notify the Court of any change of address would result in dismissal of his case.  This is precisely the type of neglect contemplated by the Local Rules.  The Court also finds that the imposition of monetary sanctions is not a feasible sanction because Plaintiff is proceeding IFP and no portion of the filing fee has been paid.  Therefore, dismissal for want of prosecution is appropriate.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1]  See, e.g., Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005) (*per curiam*); Dickson v. Ga. State Bd. of Pardons and Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007).  Thus, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is

---

[1]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits.  See Fed. R. Civ. P. 41(b).

4

willing to file his case <u>and pursue it.</u>  Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of May, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA